549 F.2d 829
 23 Wage & Hour Cas. (BN 548, 179 U.S.App.D.C. 127,
80 Lab.Cas. P 33,484
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Foodservice and Lodging Institute, Inc., et al., Appellants
v.
William J. Usery, Secretary of Labor, U.S. Department of
Labor, Appellee.
 No. 75-2265.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 16, 1977.
 
 Before DANAHER, Senior Circuit Judge, McGOWAN and TAMM, Circuit Judges.
 
 PER CURIAM
 
 1
 In 1974 Congress amended the Fair Labor Standards Act for the purpose of restricting the exemptions from its overtime payment provisions theretofore applicable to restaurant and food service employees. PL 93-259, 88 Stat 58 (1974). As the effective dates of such amendments approached, appellant Foodservice and Lodging Institute, a trade association comprised of a variety of food service enterprises, wrote a letter on March 4, 1975 in general terms to appellee seeking an opinion to the effect that a "restaurant" for purposes of the exempting provision, Section 13(b)(8), need only be engaged in serving food in final form to the ultimate consumer for immediate consumption either on or off the premises.
 
 
 2
 Appellee replied by letter on May 1, 1975, declining to accept without more the suggested definition. It pointed out that there are many variations in the services offered and the facilities used at food-serving establishments, and that while some may fall within the customary concept of a restaurant, others may not. It concluded by saying that whether a particular establishment "is a restaurant for purposes of section 13(b)(8) depends on the facts in a particular situation." It purported to contemplate that, in apparent contrast to the literal terms of a pre-1974 interpretive regulation, consumption on the premises of all the food sold would not be considered to be an essential characteristic of every establishment qualifying as a restaurant. Without further recourse of any kind to appellee, appellants immediately filed suit in the District Court seeking injunctive relief.
 
 
 3
 In the District Court the Government moved to dismiss the complaint for want of jurisdiction, asserting that no controversy ripe for resolution had been tendered by reason of the failure of appellant Institute to present more precise factual situations as a basis for the ruling requested. The District Court denied this motion by reference to National Automatic Laundry & Dry Cleaning Council v. Schultz, 443 F2d 689 (DC Cir 1971). It granted, however, the Government's motion for summary judgment addressed to the merits, holding that "plaintiffs have failed to establish that the interpretive ruling and opinion letter challenged herein are plainly unreasonable or in conflict with the intent of Congress." It accordingly denied pending motions for preliminary and permanent injunctive relief and dismissed the complaint with prejudice.
 
 
 4
 Our vacation of the District Court's order is not by reference to the merits--an issue we do not reach--but because we think the motion to dismiss should have been granted. Unlike the District Court, we do not regard National Automatic Laundry as controlling. The administrative ruling under challenge in that case identified with particularity the nature of the activities declared to be subject to it, and left no room for more precise development or for a different disposition by further administrative examination. It was, in short, quite clear in that case that the administrator had taken a firm and final adverse position with respect to clearly identified activities; and there was no chance that further administrative consideration would have brought about a different result.
 
 
 5
 That is not true here. Appellant Institute's request was in the most general terms, and gave no tangible descriptions of the nature of the food service operations sought to be exempted. It presented rather a circumstance of the kind where, as we said in National Automatic Laundry, "... judicial review at too early a stage removes the process of agency refinement, including give-and-take with regulated interests, that is an important part of the life of the agency process." 443 F2d at 703. We read the opinion letter under attack as far from foreclosing the possibility of rulings favorable to appellants with respect to particularized requests. The letter on its face disclaimed inflexibility with respect to the language of the pre-1974 interpretive bulletin, and plainly intimated that establishments where at least a substantial amount of the food was to be consumed off the premises could still qualify as a restaurant. It was implicit with invitation to seek further administrative guidance on the basis of specific facts--an invitation which was in fact made explicit by representations made to us at oral argument by Government counsel as to appellee's continuing readiness to provide such guidance.
 
 
 6
 Under these circumstances we think that, as the Supreme Court said in Toilet Goods Association v. Gardner, 387 US 158, 164 (1967), judicial review "is likely to stand on a much surer footing in the context of specific application...." In the face of the flexibility readily discernible from the opinion letter, we think appellants were premature in their immediate recourse to the District Court, and that there was in this instance an unacceptably early rejection of the potentialities of the administrative process for either the accomodation or clarification of disputes.